# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CR-0071-003-CVE |
| | ) | |
| STANJULFRAN GEOVESTER MENSAH, | ) | |
| a/k/a "Geo," | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Mensah's Motion to Suppress Evidence with Brief (Dkt. # 95). Defendant asks the Court to suppress evidence seized from a rental car following his arrest on October 16, 2011, because he claims the evidence was seized in violation of his Fourth Amendment rights. The Court set defendant's motion for an evidentiary hearing. The government has responded to the motion to suppress and, inter alia, argues that defendant lacks standing under the Fourth Amendment to challenge the search of the rental car. After reviewing the government's response, the Court advised the parties that an evidentiary hearing might be unnecessary and directed the parties to submit any additional evidence or proffers no later than June 27, 2012. Dkt. # 118. Defendant has submitted a response (Dkt. # 122) to the Court's order with certain proffers and, for the purpose of ruling on his motion to suppress, the Court will accept his proffers of evidence as true. In light of defendant's response and his evidentiary proffers, the Court finds that it may rule on defendant's motion to suppress without holding an evidentiary hearing.

On October 16, 2011, defendant was arrested in Ponca City, Oklahoma after allegedly making fraudulent purchases at a Wal-Mart store. Defendant had keys to a Dodge Avenger owned by Enterprise Rent-A-Car (Enterprise). Law enforcement officials conducted an inventory search

of the vehicle and found evidence related to possible credit card and identity theft. The government has submitted a copy of the rental agreement, and it shows that vehicle was rented to Frank Nkrumah. Dkt. # 110-1. No other additional authorized drivers are listed on the rental agreement. The rental agreement states that the vehicle "shall not be driven by any person other than Renter or [authorized additional driver] without Owner's prior written consent." Id. at 3. To become an authorized driver, a person must:

- Appear at the rental counter with the primary renter.

- Present a valid driver's license.

- Present a major credit card in their name at the time of rental, or meet the location cash qualifications requirements.

Dkt. # 110-2, at 2. On October 24, 2011, Nkrumah advised Enterprise that he had given the vehicle to his brother and the vehicle had been seized by police in Oklahoma. Id. at 6. The notes attached to the rental agreement refer to defendant as an unauthorized driver and at no time before or after the search did defendant have authorization from Enterprise to drive or possess the vehicle. Id. Defendant states that he is prepared to present evidence establishing the following facts:

a. Mr. Nkrumah executed the rental contract on the vehicle in question, and extended the term of said contract by telephone to allow time for Mr. Mensah to drive the car to Oklahoma prior to Mr. Mensah's arrest.

b. Mr. Nkrumah gave Mr. Mensah explicit permission to use the rental vehicle, and believed that, by doing so, he was fully acquiescing control of the vehicle to Mr. Mensah.

c. Mr. Nkrumah removed all of his personal belongings from the rental vehicle before turning it over to Mr. Mensah.

d. Mr. Mensah believed that he had full control of the rental vehicle upon taking it from Mr. Nkrumah with explicit permission.

e. Mr. Mensah was without knowledge of the details of the Enterprise contract.

Dkt. # 122, at 2.

The Tenth Circuit has clearly held that an unauthorized driver of a rental car has no reasonable expectation of privacy in the rental car, and he lacks standing to challenge the constitutionality of a search of the rental car. United States v. Worthon, 520 F.3d 1173, 1183 (10th Cir. 2008). An unauthorized driver is not in "lawful possession or custody of the vehicle" and he has no reasonable expectation of privacy. Id. Even if defendant possessed the keys and had permission from the renter to driver the vehicle, this does not show that he has standing to challenge a search of the vehicle. United States v. Roper, 918 F.2d 885, 887 (10th Cir. 1990). Defendant correctly notes that other courts have found that the unauthorized driver of a rental car may have Fourth Amendment standing in some circumstances. See United States v. Thomas, 447 F.3d 1191 (9th Cir. 2006); United States v. Smith, 263 F.3d 571 (6th Cir. 2001). However, Tenth Circuit precedent on this point is clear and unequivocal, and the Court must follow the published decisions of the Tenth Circuit.

Defendant acknowledges that the Tenth Circuit has "implied a bright-line rule with respect to 'unauthorized' drivers of rental cars," but he asks the Court to make a "good-faith extension of the law" based on the specific facts of this case. Dkt. # 122, at 2. However, the Court must follow controlling Tenth Circuit precedent and the Court will not extend the law beyond the clear limits of existing precedent. None of defendant's proffers tends to show that Enterprise considered him an authorized driver of the rental vehicle and, at most, defendant's proffers support a finding that defendant subjectively believed that he had Nkrumah's permission to driver the vehicle. Defendant admits that he had no knowledge as to whether he was authorized by Enterprise to drive the vehicle and there is no evidence that he made any attempt to contact Enterprise to determine if he could

3

legally operate the vehicle. Id. Worthon is directly on point and it controls the outcome of defendant's motion to suppress. In Worthon, the Tenth Circuit held that Myron Worthon, the unauthorized driver of a rental vehicle, lacked standing to challenge a search of a rental vehicle based solely on his status as an unauthorized driver. 520 F.3d at 1183. The Tenth Circuit held:

> Mr. Worthon "'was driving a rented vehicle and was not named on the rental agreement or any other documents, either as the renter or as an authorized driver. [He] made no showing that any arrangement had been made with the rental car company that would have allowed him to drive the car legitimately.'" *United States v. Roper*, 918 F.2d 885, 887 (10th Cir.1990) (quoting *United States v. Obregon*, 748 F.2d 1371, 1374 (10th Cir.1984)). Because he was not in "lawful possession or custody of the vehicle," *id.* at 888, he can have no "legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Therefore, the district court properly concluded that Mr. Worthon lacked standing to challenge the search.

Id. In this case, defendant made no arrangement with Enterprise to drive the rental vehicle and Enterprise's records show that he was considered an unauthorized driver by Enterprise. Dkt. # 110-1, at 6. The Court finds that defendant's proffers and the evidence presented by the government show that defendant was not an authorized driver of the rental vehicle on October 16, 2011, and defendant lacks standing under the Fourth Amendment to challenge the subsequent inventory search of the rental vehicle. Because defendant lacks standing to challenge the inventory search, it is not necessary to reach his argument that inventory search of the rental vehicle violated the Fourth Amendment.

**IT IS THEREFORE ORDERED** that Defendant Mensah's Motion to Suppress Evidence with Brief (Dkt. # 95) is **denied**, and the evidentiary hearing is **stricken**. The pretrial remains set for June 29, 2012 at 9:30 a.m.

**DATED** this 28th day of June, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4